**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Diabate Amadou,                                                                    Civil No. 07-4076 (DWF/SRN)

          Plaintiff,

v.                                                                                                **MEMORANDUM**
                                                                                                    **OPINION AND ORDER**
J.B. Hunt Transport, Inc.,

          Defendant.

_____

Diabate Amadou, *Pro Se*, Plaintiff.

Ronald G. Polly, Jr., Esq., Hawkins & Parnell, LLP; and Stanley E. Siegel, Jr., Esq., Halleland Lewis Niland & Johnson PA, counsel for Defendant.

_____

## INTRODUCTION

The above-entitled matter is before the Court pursuant to a Motion to Dismiss brought by J.B. Hunt Transport, Inc. ("Defendant") and a "Motion About the Constitutionality of [Plaintiff's] Complaint" brought by Plaintiff Diabate Amadou. For the reasons stated below, the Court grants Defendant's motion and denies Plaintiff's motion.

## BACKGROUND

On July 6, 2006, Plaintiff and Defendant entered into an Independent Contractor Operating Agreement ("IC Agreement"). Pursuant to the IC Agreement, Plaintiff leased a tractor trailer from Defendant. Pursuant to Defendant's policy, Defendant's drivers

must, among other things, notify Defendant of any accident and submit to a federally-mandated drug/alcohol test. Failure to report an accident may constitute a refusal to test.

On or about September 24, 2006, Defendant discovered that Plaintiff did not report an accident that occurred while he was employed by Defendant in 1999. Defendant deemed Plaintiff's failure to report the accident a refusal to submit to the drug/alcohol test and, therefore, a failure of the test. Defendant routed Plaintiff to its terminal in Kansas City, Missouri. When Plaintiff arrived in Kansas City, Defendant informed Plaintiff that it was terminating the IC Agreement and required Plaintiff to return the leased tractor trailer.

Two police officers with the Kansas City Police Department arrived at Defendant's trucking yard and denied Plaintiff's request to return to the tractor trailer to retrieve some personal belongings. Plaintiff then attempted to enter the truck, at which point the officers physically restrained Plaintiff. Plaintiff asserts that the officers jerked him around and that one officer used an expletive and pushed Plaintiff. Plaintiff then left the trucking yard. Defendant returned Plaintiff's belongings via UPS.

In May 2007, Plaintiff filed a Complaint in the United States District Court for the Western District of Missouri ("Missouri Action"). In the Missouri Action, Plaintiff alleged that the officers used unlawful force to restrain him and asserted several causes of action. On September 26, 2007, the court dismissed the Missouri Action without prejudice. The court reasoned that "[e]ven the most liberal construction of Plaintiff's complaint cannot support a claim under § 1983, assault and battery, or conversion against [the officers], J.B. Hunt, or the Kansas City Police Department, and the Court cannot

2

conceive of what other cause of action Plaintiff is attempting to allege." (Ex. A to Def.'s Mot. to Dismiss.)  The Eighth Circuit Court of Appeals affirmed.

On September 25, 2007, Plaintiff filed this action, alleging several causes of action, including wrongful termination, breach of contract, assault and negligence, retaliation, defamation and slander, and the "fake use of fake document to make believe [Plaintiff] refused to take [his] belongings from the truck." (Doc. No. 5 at 3.)

Defendant now moves to dismiss all of Plaintiff's claims.  Plaintiff opposes Defendant's motion and moves to amend his Complaint to add a cause of action for a constitutional violation.[1]

## DISCUSSION

**I.     Standard of Review**

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged.  *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the

---

[1]     The Court deems Plaintiff's "Motion About the Constitutionality of [Plaintiff's] Complaint" to be a motion to amend.

3

complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964–65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

## II.     Defendant's Motion to Dismiss

### A.     Negligence

Plaintiff appears to assert that Defendant was negligent because it allowed the Kansas City officers to restrain him and to prevent him from returning to the leased tractor trailer. The essential elements of a negligence claim are: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury; and (4) breach of the duty was the proximate cause of the injury. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn. 1995).

Plaintiff has failed to plead sufficient facts to support a cause of action for negligence. In particular, Plaintiff has failed to plead the existence of a duty of care or a breach of such a duty. Accordingly, the Court concludes that the alleged facts do not raise a reasonable expectation that discovery will reveal evidence of a negligence claim.

### B. Wrongful Termination

In order to maintain a claim for wrongful termination, Plaintiff must be an employee of Defendant. *See HDH, Inc. v. Rush Trucking, Inc.*, No. CX-91-1944, 1992 WL 89631, *2 (Minn. Ct. App. April 27, 1992). Here, Plaintiff does not allege that he was an employee of Defendant. There is no dispute that Plaintiff is an independent contractor. Accordingly, Plaintiff's claim for wrongful termination fails.

### C. Breach of Contract

Defendant asserts that Plaintiff's breach of contract claim fails because Plaintiff has not alleged that Defendant failed to meet its obligations under the IC Agreement, that Defendant materially breached the IC Agreement, or that Plaintiff suffered damages. In addition, Defendant asserts that it rightfully terminated the agreement because Plaintiff failed to report an accident.

The elements of a breach of contract claim are: (1) a valid contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages. *Parkhill v. Minn. Mut. Life Ins. Co.*, 174 F. Supp. 2d 951, 961 (D. Minn. 2000) (citing *Briggs Trans. Co. v. Ranzenberger*, 217 N.W.2d 198, 200 (Minn. 1974)).

The Court concludes that Plaintiff has failed to allege sufficient facts to show a material breach by Defendant. First, to the extent that Plaintiff's breach of contract claim is premised on the allegation that Defendant failed to offer Plaintiff a sufficient amount of trucking dispatches, the claim fails. Plaintiff has failed to allege facts showing that Defendant guaranteed its independent contractors a certain number of dispatches or that

Defendant is liable because Plaintiff failed to earn as much money as he expected. Second, despite Plaintiff's conclusory assertion that he purchased the tractor trailer, Plaintiff alleges no facts to support that claim. Finally, to the extent that Plaintiff's breach of contract claim is premised on the allegation that Defendant improperly terminated the IC Agreement, Plaintiff's claim still fails. There is no dispute that Plaintiff was required to pass all required drug and alcohol tests and that Defendant terminated the IC Agreement after Plaintiff was deemed to have refused a drug/alcohol test.

For the above reasons, the Court concludes that the alleged facts do not raise a reasonable expectation that discovery will reveal evidence of a breach of contract claim.

### D.   Assault

Plaintiff also asserts a claim for assault. This claim is premised on the actions of the Kansas City officers. Plaintiff does not allege any facts suggesting that Defendant assaulted Plaintiff. Accordingly, Plaintiff's assault claim fails.

### E.   Retaliation

In order to establish a prima facie case of retaliation, Plaintiff must allege that (1) he engaged in statutorily-protected conduct; (2) Defendant took adverse employment action against him; and (3) a causal connection exists between the two. *Wells v. SCI Mgmt., L.P.,* 469 F.3d 697, 702 (8th Cir. 2006); *Kasper v. Federated Mut. Ins. Co.*, 425 F.3d 496, 502 (8th Cir. 2005). Here, Plaintiff is an independent contractor, not an employee. Title VII, therefore, does not apply. *Wortham v. Am. Family Ins. Group*, 385 F.3d 1139, 1141 (8th Cir. 2004). Even if Title VII did apply, Plaintiff has not alleged

sufficient facts to prove the elements of a *prima facie* case. In particular, Plaintiff has not alleged sufficient facts to demonstrate that he engaged in a protected activity. Accordingly, the Court dismisses Plaintiff's retaliation claim.

  **F. Defamation**

The elements of a defamation claim include proof that the alleged statements were made, that the statements were communicated to one other than the plaintiff, that the statements were false, and that, as a result, the plaintiff's reputation was harmed. *Ferrell v. Cross*, 557 N.W.2d 560, 565 (Minn. 1997).

Plaintiff's defamation claim appears to be based on communications between Defendant and other trucking companies to which Plaintiff sought employment. However, Plaintiff has not identified any specifics regarding the alleged statements, such as what was said, who made the statements, or to whom the statements were made. Accordingly, Plaintiff has failed to state a claim for defamation.

  **G. Fake Use of Documents**

Plaintiff also asserts a claim for "fake use of fake documents." The Court is unable to discern any legally significant meaning to this claim. Accordingly, it is dismissed.

**III. Constitutional Claim**

At the hearing on this matter, the Court determined that Plaintiff's motion is actually a motion to amend Plaintiff's Complaint to add a claim for a constitutional violation. Generally, after a responsive pleading has been served, a party may amend its complaint "when justice so requires." Fed. R. Civ. P. 15. However, "permission to

amend may be withheld if the plaintiff does not have at least colorable grounds for relief . . . ." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224 (8th Cir. 1994). "Good reason to deny leave to amend exists if amendment would be futile." *Id.* at 225. To deny a motion to amend on the ground of futility "means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

Plaintiff claims that his Fourth Amendment rights were violated when Defendant retained the belongings left in the tractor trailer. The Court considers this claim to be a section 1983 claim for a violation of Plaintiff's rights under the Fourth Amendment.

> Section 1983 provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. §1983. To prevail on a section 1983 claim, a plaintiff must demonstrate that a defendant caused the deprivation of a federal right while operating under the color of law. *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005). Here, there is no dispute that Defendant is not a government entity. In addition, Plaintiff has failed to allege any facts that would establish that Defendant was acting under the color of law. Accordingly, Plaintiff's claim is futile, and Plaintiff's motion to amend is denied.

## ORDER

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. 25) is **GRANTED**.

2. Plaintiff's Motion About the Constitutionality of His Complaint (Doc. No. 38) is **DENIED**.

3. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 16, 2008          s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    Judge of United States District Court